[Civ. No. 26391. First Dist., Div. Four. Apr. 30, 1970.]

GEORGE R. TYREE, JR., et al., Plaintiffs and Appellants, v.
HOUSING AUTHORITY OF THE CITY OF PLEASANTON,
Defendant and Respondent.

**COUNSEL**

Thomas L. Fike, Thomas Schneider and Daniel Prince for Plaintiffs and Appellants.

Struthers, Crew & Harris and William Struthers for Defendant and Respondent.

## OPINION

**CHRISTIAN, J.**—Appellants, who are tenants of respondent Housing Authority of the City of Pleasanton, sued to enjoin an increase in rents and to obtain a judicial declaration that the housing authority may not operate its residential properties at a profit.

The housing authority was formed under the provisions of the Housing Authorities Law (Health & Saf. Code, § 34200 et seq.) Both as originally enacted,[1] and as later codified in Health and Safety Code section 34321, the statute provided that each housing authority formed under its provisions "shall manage and operate its housing projects in an efficient manner so as to enable it to fix the rentals for dwelling accommodations at the lowest possible rates consistent with its providing decent, safe, and sanitary dwelling accommodations. . . ." In the same section it is declared that "[n]o housing authority shall construct or operate any such project for profit, or as a source of revenue to the city or the county." Section 34321 contains no exemption applicable to facilities acquired in one way as opposed to another (e.g., by gift, purchase or lease, whether or not implementation of any federal public housing program is involved).

In 1955, the "Temporary Housing Projects Law" (Health & Saf. Code, § 35450) was enacted for the purpose of specifically empowering "[a]ny city, county, or housing authority [to acquire through purchase or gift any federally owned temporary housing project]." (Health & Saf. Code, § 35480.) Pursuant thereto, in 1954, the United States Government sold to the City of Pleasanton a housing development known as "Kottinger Village" and to respondent housing authority another development known as "Komandorski Village." Respondent housing authority operates both properties, Kottinger Village under lease from the city.

It was determined by the pretrial conference order that the housing authority "has paid to the City of Pleasanton since 1954 the sum of $347,103 as revenue received greater than expenditures incurred from the operations of the projects." Appellants contend that this past practice, and threatened future rent increases while the projects are being operated at a profit, are unlawful. It is undisputed that under Health and Safety Code section 34401 the housing authority made payments to the city, in lieu of

---

[1]Stats. Ex. Sess. 1938, ch. 4, § 9, p. 16.

taxes, for services furnished by the city. The propriety of those payments is not questioned.

Respondent points out that the two projects in question were originally built by the United States as temporary war housing and were acquired by the city and the housing authority under the Defense Housing Act of 1950 (42 U.S.C. § 1581 et seq.) upon terms which arguably did not impose obligations, running to the United States government, to operate the properties on a nonprofit basis. But it has not been suggested that the housing authority is under a *duty*, imposed by federal law, to operate at a profit. Accordingly no conflict with paramount federal law is presented and the housing authority's conduct regarding profit-making may be regulated by state law.

The housing authority claims the right to operate these facilities on a profit-making basis under the provisions of Health and Safety Code section 35489[2] (part of the Temporary Housing Projects Law). It is claimed by the housing authority that the provision in section 35489 requiring it to levy "rents which shall be *ample* to cover all costs of operation" (italics added) implies an intention to authorize profit-making operations as to temporary housing. But the quoted language discloses no intention partially to repeal the explicit provisions of section 34321, which by their terms are applicable to all properties, without regard to source, which may be operated by a housing authority formed under the Housing Authorities Law. ■ A reasonable construction of section 35489 is that it is intended to insure that the housing authority will not operate *at a loss* property which it has received under terms of the Temporary Housing Projects Law. So construed, the provision would prevent a subsidy of such housing at the expense of general fund taxpayers. The section says nothing about profit-making; it affords no basis for finding an implied partial repeal of section 34321. ■ Implied repeal of one code section by another is not favored; such repeal should be found only when the second enactment is in irreconcilable conflict with the first. (45 Cal.Jur.2d, Statutes, § 85.) ■ No such conflict exists between section 34321 and section 35489. Section 34321 establishes a rent "ceiling" applicable to all properties operated by an affected housing authority while section 35489, entirely con-

---

[2]Section 35489. "It is hereby declared to be the policy of this State that each city, county, or housing authority shall manage and operate its projects which are subject to the provisions of this part in an efficient manner and that it shall in any event establish the rentals or payments for dwelling accommodations at rents which shall be ample to cover all costs of operation, maintenance, and disposition of such project, including amounts necessary for payments in lieu of taxes, the creation of reserves, and the payment of currently maturing installments of principal and interest on any indebtedness incurred in connection with the acquisition of land acquired for such project."

sistently, establishes a rent "floor" applicable to properties acquired under the Temporary Housing Projects Law.

There is no basis for distinguishing between the property owned outright by the housing authority and the property which it leases from the city. The limitation of section 34321 is explicitly stated in terms of preventing the housing authority from operating its housing projects "as a source of revenue to the city. . . ." That limitation cannot be avoided simply by having the housing authority operate a property as lessee rather than as owner.

The judgment is reversed with directions to make new findings and enter judgment enjoining respondent housing authority from fixing rents higher than it may determine to be justified under the standards set forth in Health and Safety Code sections 34321 and 35489, in conformity with the views expressed herein.

Devine, P. J., and Rattigan, J., concurred.